**RUSKIN v POVZNER et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5736. Decided March 11, 1940.

Julius R. Samuels, Cincinnati, for appellee.

Rosen & Rosen, Cincinnati, for appellants.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The chief assignment of error is based upon the refusal of the trial court to permit a defense to an action at law, to recover upon a promissory note given by the defendant, such defense being predicated ·upon certain rules of the Home Owners Loan Corporation.

The defendant was indebted to the plaintiff in the sum of $1500. The plaintiff held the defendant's note and second mortgage for this amount.

The defendant had given a note and first mortgage to the Pearl Market Bank & Trust Company. Foreclosure having been instituted by the bank, the defendant was successful in refinancing her indebtedness through the Home Owners' Loan Corporation. Her property was appraised for $12,000.00. The appraisement was later reduced to $11,000.00.

The plaintiff waived priority in favor of the Home Owners' Loan Corporation.

The indebtedness was refinanced as follows:

The Central Trust Company—successor to The Pearl Market Bank—received $7954.31 in Home Owners' Loan Corporation Bonds, and a second mortgage for $2200.00, a total of $10,254.31, substantially the amount of the indebtedness to the Pearl Market Bank. The plaintiff received nothing in consideration of his waiver and cancellation of his original second mortgage.

The defendant executed a new note to the plaintiff for $1500 and a third mortgage for $1500.00.

The plaintiff has not attempted to exercise any claim by virtue of the third mortgage. He, in this action, seeks only to recover for a just debt which has never been satisfied.

The defendant sought to evade the recovery of a money judgment upon the renewal note, claiming that the giving and taking of the note constituted an illegal contract which was, therefore, unenforceable. The illegality is sought to be developed by reason of two rules of the Home Owners Loan Corporation. These rules are as follows:

"(1) Incidental agreements — The Corporation will not refund any indebtedness where the mortgagor is required to pay more than he owes, through agreements, either to pay future interest to the original mortgagee, or to absorb any loss of interest by the original mortgagee, or to guarantee any difference between the face value of the bonds plus accumulated interest thereon and the market value of the same, or to cover any assumed loss on account of acceptance of the bonds of the Corporation by the mortgagee. The Corporation will not become a party to any contract between a mortgagor and a mortgagee in reference to indebtedness refunded by the Corporation.

"(2) Second Mortgages—Where the full amount of the indebtedness against the property cannot be refunded by the Corporation, the mortgagee or other lien holder will be permitted to take a second mortgage or second deed of trust if the amount of such second mortgage or deed of trust does not exceed the difference between the corporation's appraisal and the amount of the Corporation's first mortgage. In no case shall the second trust or second mortgage to such other mortgagee or lienholder be in terms which would cause the mortgagor's payments to the Corporation to be a hardship, or to deprive the mortgagor of reasonable op-

portunity (sic) to pay such mortgage or second trust."

It is not necessary to pass upon whether or not these rules have the binding effect of statutes or ordinances, and we refrain from do- ██ ing so. Even if they had such effect they do not cause the contractual obligation created by the note of the defendant to be so permeated with illegality as to be rendered unenforceable.

It will be noted that the rules quoted do not provide that a note given in contravention of the rules constitutes an unlawful contract. Neither the formation or performance of an obligation creating an indebtedness beyond the limits prescribed is made unlawful. The rules are directed solely to the giving of second mortgages.

Inference of illegality may only be justified when there is such purpose clearly stated. **Commercial Credit Co. v Schreyer, Anderson v Smith, 120 Oh St 568;** Harris v Runnels, 53 U. S. (12 How.) 79; **Warren People's Market Co. v Corbett & Sons, 114 Oh St 126;** section 580, Restatement Law of Contracts; **Fischer-Leimann Construction Co. v Haase,** decision by this Court, February 26, 1940.

It is the conclusion of the court that the defense to the note was properly excluded from the consideration of the jury, in view of the facts developed as indicated hereinbefore.

The judgment is affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.